```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

EMMA WHITE AND RUBEN COHEN                CIVIL ACTION

VERSUS                                    NO: 07-589

ALLSTATE INSURANCE COMPANY                SECTION: "J" (4)
```

### ORDER AND REASONS

Before the Court is plaintiff Emma White's Motion for Remand. (Doc. 7.) The motion is opposed. For the following reasons, the Court finds that the motion should be DENIED.

### BACKGROUND

On August 28th, 2006, plaintiffs Emma White and Ruben Cohen jointly filed a petition in State court seeking to recover from their insurer, Allstate Insurance Company, for damage to their homes sustained during Hurricane Katrina. Plaintiffs claim that their properties were "a total loss." Plaintiffs also seek to recover penalties and attorney's fees for breach of Allstate's statutory duties of timeliness, good faith, and fair dealing. On December 13th, 2006 counsel for Emma White sent a letter to counsel for Allstate demanding a total payment of $113,550.63 for her property damage, statutory penalties, attorney's fees, and

costs. On January 5th, 2007 Allstate was served with the petition. On February 2nd, 2007, Allstate removed the case to this Court based upon diversity jurisdiction. To establish the jurisdictional amount, Allstate relied on the allegation of total loss in the petition, the policy limits of the plaintiffs' properties, and the demand letter from Ms. White's counsel. Emma White now seeks to remand the case back to state court.

## LEGAL STANDARDS

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction. *See* 28 U.S.C. § 1441(a). Original diversity jurisdiction is appropriate where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). A defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). The jurisdictional facts supporting removal are examined as of the time of removal. *Gebbia v. Walmart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). When the amount of damages is not specified in the petition, a defendant can rely on the face of the complaint if it is apparent that the amount in controversy is enough. *De Aguilar*, 47 F.3d at 1412. Alternatively a defendant can rely on summary judgment type evidence of facts in

controversy that establish the jurisdictional amount. *Id.* After a defendant has met its burden, a plaintiff must prove to a legal certainty that her recovery will not exceed the jurisdictional amount to a obtain a remand. *Id.* A defendant must do more than point to a state law that might allow a plaintiff to recover more than she pled. *Id.* The removal statutes should be strictly construed in favor of remand. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

**DISCUSSION**

Ms. White does not challenge the diversity of citizenship between herself and Allstate, but argues that a stipulation that her damages do not exceed $75,000 would clarify her petition and defeat jurisdiction. However, Ms. White failed to file any stipulation regarding damages. Allstate pointed out the lack of a stipulation in its opposition, and Ms. White has not corrected the omission. Allstate has presented evidence that Ms. White is demanding more than $110,000 based on her property damage plus penalties and attorney's fees.[1] The demand letter establishes that Ms. White's petition has put more than $75,000 in controversy. Ms. White has failed to establish to a legal certainty that she will not recover more than $75,000.

---

[1] The $3,000 in costs demanded by Ms. White are not properly considered under the plain language of 28 U.S.C. § 1332.

Accordingly,

**IT IS ORDERED** that Emma White's Motion for Remand (Doc. 7) is **DENIED**.

New Orleans, Louisiana this the 24th day of April, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE